DUNSKY v. KAUFMAN.

1. JUSTICES OF THE PEACE—FRAUD—PLEADING—SUFFICIENCY MAY
   NOT BE QUESTIONED ON APPEAL.
   Where, in an action in justice's court to recover money
   paid to defendant by reason of fraudulent representations
   as to the life of a lease, in the sale of a theatre, the
   sufficiency of the declaration was not questioned, its suf-
   ficiency could not be questioned in the circuit court, on
   appeal.

2. FRAUD—EVIDENCE—LEASE.
   In an action on a claimed false and fraudulent repre-
   sentation as to a lease in connection with the sale of a
   theatre, it was not necessary to introduce the lease in
   evidence; the action not being on the lease.

3. SAME—MATERIAL MISREPRESENTATION.
   False representation in the sale of a theatre that the lease
   had two years and two months to run at a rental of
   $175 per month, when in fact the lease had but two months
   to run at that rental and then called for $200 per month
   was a misrepresentation of a material fact entitling the
   buyer to rescind and recover the money paid.

Error to Wayne; Hunt (Ormond F.), J.     Sub-
mitted October 10, 1923.     (Docket No. 79.)     De-
cided November 13, 1923.

Case in justice's court by Isadore Dunsky against
Benjamin Kaufman for fraud.     There was judgment
for defendant, and plaintiff appealed to the circuit
court.     Judgment for defendant *non obstante vere-
dicto*.     Plaintiff brings error.     Reversed, and judg-
ment entered on the verdict.

*Myron J. Dikeman*, for appellant.

WIEST, C. J.     This suit was commenced in justice's

court to recover $500 plaintiff claims he was induced to pay defendant, on the purchase price of a theatre, by defendant's false and fraudulent representation that the lease of the theatre had two years and two months to run at a rental of $175 per month when, in truth and fact, the lease had but two months to run at that rental and then called for $200 per month. At the trial, on appeal, in the circuit, defendant asked for a directed verdict at the close of plaintiff's proofs and again at the close of the evidence. The case was submitted to the jury, the court reserving power to enter judgment *non obstante veredicto*. The jury found defendant guilty of the fraud charged and rendered a verdict in favor of plaintiff for $544. Defendant moved for judgment in his favor notwithstanding the verdict, claiming (1) there was no competent evidence as to the contents of the lease referred to in plaintiff's declaration, (2) the lease was not offered in evidence, (3) the alleged misrepresentation was not a material representation of fact, (4) defendant was not guilty of actionable fraud. Plaintiff thereupon moved to amend his declaration by the addition of a few words showing the offer to sell plaintiff the theatre was inclusive of the theatre and equipment and lease, and that he bought the equipment and lease. The circuit judge denied leave to amend the declaration, stating:

"The general rule is that the case must be tried in the circuit court upon all the material issues presented in the justice's court. The court is of the opinion that the amendment is a material variance and the motion to amend the declaration is hereby denied."

The court entered judgment for the defendant, notwithstanding the verdict, for the following reason:

"The court is of the opinion that the matter complained of at the trial, to-wit, a false representation relative to the lease, was not sufficiently alleged in the

declaration to warrant a recovery. This case being in tort, the general rule provides that the specific wrong complained of must be substantially alleged in the declaration, hence there is a want of allegation in the declaration to sustain the verdict. Accordingly, the motion for judgment notwithstanding the verdict is hereby granted."

The case having originated in justice's court the declaration was sufficient without the amendment; its sufficiency had not been questioned, and the parties fully understood and tried out the true issue. Defendant's motions for a directed verdict and for judgment notwithstanding the verdict were without merit. It was not necessary to introduce the lease in evidence. The suit was not on the lease but for a claimed false and fraudulent representation. If defendant made the representation claimed by plaintiff it was admittedly false, related to a material fact, and plaintiff had a right to refuse to go ahead and to have his money back. There was but one issue and that an issue of fact. Such issue was fairly submitted to the jury and the verdict found defendant guilty of the fraud charged.

The court was in error in entering judgment for defendant notwithstanding the verdict, and the judgment so entered is set aside and the court directed to enter judgment for plaintiff in accordance with the verdict. Plaintiff will recover costs.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.