BOYD *v.* POST.

1. FRAUD — MATERIAL FALSE REPRESENTATIONS — EVIDENCE — SUFFICIENCY—RESCISSION.

In a suit to rescind a contract for the purchase of rooming house furniture on the ground of fraud, that representations by defendant that he had seen the landlord of the

rooming house which plaintiff expected to occupy, and that she could occupy it as long as she wanted to if she paid the rent and did not want too much in the way of repairs were material, false, and were relied on by plaintiff to her injury, *held*, established by the evidence.

2. SAME—REMEDIES—EQUITY JURISDICTION.
Although plaintiff could have brought an action at law for her damages for said fraud, she was not bound to do so, and equity had jurisdiction to grant rescission and the restoration of a contract turned over to defendant in part payment of the purchase price, and such jurisdiction was fortified by the pecuniary irresponsibility of defendant.

Appeal from Kent; Perkins (Willis B.), J.   Submitted April 10, 1924.   (Docket No. 52.)   Decided June 2, 1924.

Bill by Frances A. Boyd against James C. Post for the rescission of a contract on the ground of fraud. From a decree for plaintiff, defendant appeals.   Affirmed.

*Lombard, McIntyre & Post,* for plaintiff.

*Irving H. Smith,* for defendant.

WIEST, J.   Plaintiff wanted to buy a rooming house. Defendant was operating one at 412 Bond avenue, in the city of Grand Rapids, occupying the premises under a holding from month to month.   February 28, 1923, plaintiff purchased the furniture in defendant's rooming house, turned over to defendant, in part payment therefor, a title-retaining contract she held upon furniture she had sold to Charles and Rose Pruyn, and upon which there was due a little over $800, and paid defendant $565 in cash, making $1,450 paid defendant for the furniture in his rooming house. Plaintiff claims she was induced to make the purchase by reason of defendant's representation that he had seen the landlord of the premises, and it was all fixed up, if plaintiff bought the furniture, paid the rent and

did not ask too much in the way of repairs she could occupy the premises as long as she wanted. The deal was closed February 28th, and the same night defendant packed his personal belongings. The next day plaintiff was notified by the landlord that she could not occupy the premises and she asked defendant to give back the money she had paid and the Pruyn contract she had turned over to him, and he refused to do so. Plaintiff left the furniture on the premises, and we understand it was placed in storage by the landlord. Thereupon plaintiff filed the bill herein, alleging the false representation made by defendant, averring reliance thereon and that the same was made for the purpose of keeping her from interviewing the landlord, as she intended to do, and had so expressed herself to defendant, and asked the court to rescind the contract and direct defendant to return to her the Pruyn contract she turned over to him and grant a decree for the money she had paid. She also alleged in the bill that defendant was not pecuniarily responsible. After the bill was filed the Pruyn contract was placed with the clerk of the court and payments thereon made to him to be held to await the determination of the suit. Upon the hearing the fraud alleged was found, reliance thereon determined and decree entered rescinding the contract, directing a return to plaintiff of the Pruyn contract and all payments made thereon and a personal decree against defendant for the money paid him upon the purchase. Defendant has appealed and claims he never made the false representation alleged, and denies that the representation, even if made, in law constituted a fraud.

It is manifest that continuance of the rooming house business at 412 Bond avenue was considered of importance by both parties. Otherwise plaintiff would have but purchased second hand furniture. She wanted, and defendant understood she wanted, a going rooming house business and she was not in the

market for second hand furniture.    We are satisfied the question of continuing the business where it was established was discussed and the representation made by defendant that he had seen the landlord and it was all fixed up so she might continue the business there if she paid the rent and did not ask for too much in the way of repairs.    Defendant had not seen the landlord, and he knew plaintiff could not continue in the business even for one day unless the landlord consented.    We are also satisfied that defendant made the representation for the purpose of keeping the plaintiff from interviewing the landlord, and the inference is very strong that he knew the landlord intended to rent the premises to other parties.    The representation made was material to a consummation of the deal, was untrue in fact and known to defendant to be untrue when he made it.

Did plaintiff rely upon the false representation? She says she did and it is quite persuasive she took his word and for that reason refrained from going to see the landlord.    We are satisfied defendant was not as innocent in the matter as he would have the court infer.    A common sense view of the affair ranges probabilities on the side of plaintiff.    Plaintiff knew, from what defendant had said, that he was only a tenant from month to month.    Plaintiff wanted a rooming house.    Defendant had a going rooming house.    Why did she not go to the landlord and find out if she could remain in the house if she purchased? She gives the reason, and her reason has some sense back of it, while he denies giving her any assurance upon which to base such a reason and would have us believe that this woman, experienced in the rooming house business, who knew he had no lease and that if she purchased could be put out by the landlord the very next day, neither saw the landlord nor had defendant's assurance that he had seen the landlord and it was fixed up so she could remain.    The con-

clusion reached by the circuit judge is supported by the evidence, and we agree with the determination that the false representation was made, involved a material matter, was made for the purpose of inducing plaintiff to purchase, was a moving cause of her purchase, was relied upon by plaintiff and defendant should be made to disgorge.

At the hearing defendant insisted that, if plaintiff had any remedy, it was in an action at law and moved the court to transfer the suit to the law side. This the court refused to do. Defendant now claims this was error. We find no occasion to review the authorities upon this subject. Equity had jurisdiction to grant rescission and the restoration of the Pruyn contract turned over to defendant in part payment of the purchase price, and such jurisdiction was fortified by the pecuniary irresponsibility of defendant. Plaintiff could have brought suit at law but she was not bound to do so. Upon the question of the materiality of the false representation see *Dunsky* v. *Kaufman*, 225 Mich. 141.

The decree is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.